## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| RACHEL CARTRETT & MICHELLE RYANS | |
| Plaintiffs, | CIVIL ACTION NO. |
| v. | |
| | JURY TRIAL DEMANDED |
| EAST WEST HOSPITALITY LLC; EMORY HOSPITALITY LLC; & PARASH PATEL | |
| Defendants. | |

## COMPLAINT

Rachel Cartrett and Michelle Ryans ("Plaintiffs"), by and through undersigned counsel, bring this action against East West Hospitality LLC, Emory Hospitality LLC, and Parash Patel ("Defendants"), and state and allege as follows:

## NATURE OF THE ACTION

1.     This is an action brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA") alleging that Defendants failed to pay Plaintiffs at the federally-mandated overtime premium rate.

## JURISDICTION AND VENUE

2.     The Court exercises jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because the claims raise questions of federal law.

3.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Atlanta Division of the Northern District of Georgia.

## PARTIES

4.     Defendant East West Hospitality LLC ("East West Hospitality") is a Georgia limited liability company with its principle office located at 2183 North Decatur Road, Decatur, Georgia 30033, according to the Georgia Secretary of State.

5.     East West Hospitality may be served with process through its registered agent, Parash Patel, at 2183 North Decatur Road, Decatur, Georgia 30033.

6.     Defendant Emory Hospitality LLC ("Emory Hospitality") is a Georgia limited liability company with its principle office located at 2183 North Decatur Road, Decatur, Georgia 30033, according to the Georgia Secretary of State.

7.     Emory Hospitality may be served through its registered agent, Parash Patel, at 2183 North Decatur Road, Decatur, Georgia 30033.

8.     Defendant Parash Patel is an owner of Defendants Emory Hospitality and East West Hospitality.

9.     Defendant Parash Patel is an individual who may be served wherever he may be found.

10.     Defendants Parash Patel, East West Hospitality, and Emory Hospitality own and operate hotels in the state of Georgia which go by the trade name "Holiday Inn Express."

11.     Plaintiffs are individuals who worked for Defendants as hourly employees at two of Defendants' Holiday Inn Express hotels within the three years preceding the filing of this lawsuit.

## FACTUAL ALLEGATIONS SHOWING THAT DEFENDANTS ARE JOINT EMPLOYERS

12.     Defendant Parash Patel is an owner of Defendants Emory Hospitality and East West Hospitality.

13.     Defendants own and operate hotels that go by the trade name "Holiday Inn Express."

14.     For example, Defendants Patel and East West Hospitality own and operate the Holiday Inn Express located at 3741 Tramore Pointe Parkway, Austell, Georgia 30106 ("Powder Springs Holiday Inn Express").

15.     Defendants Patel and Emory Hospitality own and operate the Holiday Inn Express located at 2183 North Decatur Road, Decatur, Georgia 30033 ("Emory Holiday Inn Express").

16. Defendant Patel and East West Hospitality employed Plaintiff Cartrett at the Powder Springs Holiday Inn Express from approximately March 2014 until approximately May 2015.

17. Defendants Patel and Emory Hospitality employed Plaintiff Cartrett at the Emory Holiday Inn Express from approximately May 2015 until approximately July 2017.

18. Defendants Patel and Emory Hospitality employed Plaintiff Ryans at the Emory Holiday Inn Express from approximately April 2015, until approximately May 2017.

19. Plaintiffs are individually covered by the FLSA because Defendants employed Plaintiffs who engaged in commerce, the production of goods for commerce, or handled, sold or otherwise worked on goods and materials that were moved in or produced for commerce.

20. For example, Plaintiffs used Defendants' computer systems manufactured outside the state of Georgia in performing their job duties; processed customer credit card transactions using Defendants' computer systems; and communicated across state lines with Defendants' customers using Defendants' telephone and internet services.

21. Defendant East West Hospitality is an enterprise as that term is defined by the FLSA because East West Hospitality engages in interstate commerce or the production of goods for interstate commerce, and employs two or more individuals who work on goods or materials that have been moved in or produced for interstate commerce.

22. For example, East West Hospitality's employees use computers that were manufactured outside the state of Georgia and process customer credit card transactions when performing their job duties.

23. East West Hospitality's employees use Defendants' internet and phone services to communicate across state lines while performing their job duties.

24. East West Hospitality orders and has sent to the Powder Springs Holiday Inn Express certain products, such as cleaning supplies, that travel across state lines and are then used by its employees in performing their job duties.

25. Defendant East West Hospitality is an enterprise whose gross annual sales or business done exceeds $500,000.

26. Defendant East West Hospitality is an employer as that term is defined under the FLSA.

27. Defendant East West Hospitality employed Plaintiff Rachel Cartrett at the Powder Springs Holiday Inn Express.

28.     For example, East West Hospitality set Plaintiff Cartrett's schedule; set the employment policies applicable to Plaintiff Cartrett; and had the authority to hire and fire Plaintiff Cartrett.

29.     Defendant Patel exercised operational control over Defendant East West Hospitality.

30.     For example, Defendant Patel had the authority to hire and fire Plaintiff Cartett when she worked at the Powder Springs Holiday Inn Express.

31.     Defendant Patel set the employment policies applicable to Plaintiff Cartrett when she worked at the Powder Springs Holiday Inn Express.

32.     Defendant Patel had the authority to determine Plaintiff Cartrett's wages when she worked at the Powder Springs Holiday Inn Express.

33.     Defendant Patel had the authority to change the employment policies applicable to Plaintiff Cartrett when she worked at the Powder Springs Holiday Inn Express.

34.     Defendant Patel employed Plaintiff at the Powder Springs Holiday Inn Express.

35.     Defendants East West Hospitality and Patel jointly employed Plaintiff Cartrett at the Powder Springs Holiday Inn Express.

36.    Defendant Emory Hospitality is an enterprise as that term is defined under the FLSA because Emory Hospitality engages in interstate commerce or the production of goods for interstate commerce, and employs two or more individuals who work on goods or materials that have been moved in or produced for interstate commerce.

37.    For example, Emory Hospitality's employees use computers that were manufactured outside the state of Georgia and process customer credit card transactions when performing their job duties at the Emory Holiday Inn Express.

38.    Emory Hospitality's employees use Defendants' internet and phone services to communicate across state lines while performing their job duties at the Emory Holiday Inn Express.

39.    Emory Hospitality orders and has sent to the Emory Holiday Inn Express certain products, such as cleaning supplies, that travel across state lines and are then used by its employees in performing their job duties.

40.    Defendant Emory Hospitality is an enterprise whose gross annual sales or business done exceeds $500,000.

41.    Defendant Emory Hospitality is an employer as that term is defined under the FLSA.

42.     Defendant Emory Hospitality employed Plaintiffs Rachel Cartrett and Michelle Ryans at the Emory Holiday Inn Express.

43.     For example, Emory Hospitality set Cartrett's and Ryans' schedule; set the employment policies applicable to Cartrett and Ryans; and had the authority to hire and fire Cartrett and Ryans.

44.     Defendant Patel exercised operational control over Defendant Emory Hospitality.

45.     For example, Defendant Patel had the authority to hire and fire Cartrett and Ryans when they worked at the Emory Holiday Inn Express.

46.     Mr. Patel set the employment policies applicable to Cartrett and Ryans when they worked at the Emory Holiday Inn Express.

47.     Mr. Patel had the authority to determine Cartrett's and Ryans' wages when they worked at the Emory Holiday Inn Express.

48.     Mr. Patel had the authority to change the employment policies applicable to Cartrett and Ryans when they worked at the Emory Holiday Inn Express.

49.     Mr. Patel employed Cartrett and Ryans at the Emory Holiday Inn Express.

50.    Defendants Emory Hospitality and Patel jointly employed Plaintiffs Cartrett and Ryans at the Emory Holiday Inn Express.

## FACTUAL ALLEGATIONS IN SUPPORT OF
## PLAINTIFFS' CLAIMS

51.    Plaintiff Cartrett worked for Defendants Patel and East West Hospitality as an hourly employee at the Powder Springs Holiday Inn Express from approximately March 2014 until approximately May 2015.

52.    In approximately May 2015, Defendant Patel transferred Ms. Cartrett to the Emory Holiday Inn Express.

53.    Plaintiff Cartrett worked for Defendants Patel and Emory Hospitality at the Emory Holiday Inn Express from May 2015, until approximately July 2017.

54.    Plaintiff Ryans worked as an hourly employee for Defendants Patel and Emory Hospitality at the Emory Holiday Inn Express from approximately April 2015, until approximately May 2017.

55.    Defendants paid Plaintiffs an hourly wage for certain hours worked.

56.    Defendants paid Plaintiff Cartrett an hourly wage between $10.00 and $13.00 per hour for certain hours worked while employed by Defendants.

57.    Defendants paid Plaintiff Ryans $11.00 per hour for certain hours worked when she was employed at the Emory Holiday Inn Express.

58.    Plaintiffs were required to tack their hours by clocking into Defendants' computerized timekeeping system at the beginning of their scheduled shift and clocking out at the end of their scheduled shift.

59.    Plaintiff Cartrett was typically scheduled to work from 11:00 p.m. until 7 a.m., Saturday through Thursday.

60.    Plaintiff Cartrett's job duties consisted of checking guests into Defendants' hotels; preparing the breakfast bar for Defendants' guests; processing customer bills; and performing the "night audit," among other things.

61.    Plaintiff Ryans' job duties consisted of preparing the breakfast bar for Defendants' guests; checking guests into Defendants' hotel; processing guest bills; and preparing the dining room for the happy hour referred to by Defendants as the "manager's reception," among other things.

62.    Plaintiff Ryans' schedule varied, but she typically worked between 7 a.m. and 3p.m.; 12 p.m. and 8 p.m.; or 3 p.m. and 11 p.m., five days per week.

63.    Plaintiffs typically worked more hours than they were scheduled to work.

64.    Plaintiffs typically worked hours in excess of 40 per workweek.

65.    However, Defendants did not compensate Plaintiffs at 1.5 times their regular rate of pay for all hours worked over 40 in a workweek.

66. For example, on certain occasions, Plaintiff Cartrett would have to work past the end of her scheduled shift because the employee scheduled to replace her would not arrive on time.

67. When Plaintiff Cartrett had to work past the end of her scheduled shift, Plaintiff Cartrett's manager, Leslie Colter, would remove Plaintiff Cartrett's additional hours from Defendants' timekeeping system, and pay Ms. Cartrett no wages for her additional hours.

68. On certain occasions, Ms. Colter required Plaintiff Cartrett to work past the end of her scheduled shift to train employees.

69. However, Ms. Colter would remove Cartrett's additional hours from Defendants' timekeeping system and pay her no wages for the hours worked past her scheduled shift.

70. On certain occasions, Ms. Colter would call Ms. Cartrett on her commute home from work and require Ms. Cartrett to perform work activities over the phone while she traveled, but would pay Ms. Cartrett no wages for her additional hours worked.

71. During certain workweeks when Ms. Cartrett worked 40 hours at the Emory Holiday Inn Express, Ms. Colter would require Ms. Cartrett to work additional hours at the Powder Springs Holiday Inn Express.

72.     However, Ms. Colter would not compensate Ms. Cartrett for her hours worked over 40 at the Powder Springs Holiday Inn Express at 1.5 times her regular rate of pay.

73.     Instead, Ms. Colter would pay Ms. Cartrett her regular hourly rate for her hours worked over 40 at the Powder Springs Holiday Inn Express.

74.     On certain occasions, Plaintiff Ryans was required to work past the end of her scheduled shift because her replacement was late or would not show up to work at all.

75.     When Ms. Ryans had to work past the end of her scheduled shift, Ms. Colter would clock Ms. Ryans out of the timekeeping system and pay Ms. Ryans no wages for her additional hours worked.

76.     Ms. Colter removed a thirty-minute lunch break from Plaintiff Ryans' time records each day.

77.     However, Ms. Ryans rarely, if ever, was able to take her lunch break.

78.     On days Ms. Ryans worked through her lunch break, Ms. Colter removed thirty minutes from her time records and paid Ms. Ryans no wages for her additional hours worked.

79.     On certain occasions, Plaintiff Ryans was required to arrive prior to her scheduled shift, or work past the end of her scheduled shift at the direction of Ms. Colter.

80.     However, Ms. Colter would remove Plaintiff Ryans additional hours from Defendants' timekeeping system and pay Plaintiff Ryans no wages.

81.     Defendants' illegal practice of removing hours worked over 40 from Plaintiffs' pay records resulted in Plaintiffs receiving less than 1.5 times their regular hourly rate for all hours worked over 40 in a workweek.

82.     Defendants' illegal practice of requiring Plaintiffs to work hours over 40 off-the-clock resulted in Plaintiffs receiving less than 1.5 times their regular rate of pay for all hours worked over 40 in a workweek.

83.     Due to Defendants' policy of removing certain hours worked from Plaintiffs' time records, and not recording certain hours worked by Plaintiffs, Defendants violated the record keeping requirement of the FLSA.

## COUNT I: WILLFUL FAILURE TO COMPENSATE PLAINTIFFS AT THE REQUIRED OVERTIME-PREMIUM RATE

84.     Plaintiffs worked hours in excess of 40 per workweek during certain weeks while employed by Defendants.

85.     Defendants failed to compensate Plaintiffs at 1.5 times their regular rate of pay for all hours worked over 40 in a workweek by removing hours from Plaintiffs' time records and by requiring Plaintiffs to work certain hours off the clock.

86.     Defendants knew or should have known that Plaintiffs worked hours in excess of 40 per workweek for which they received no compensation.

87.     By failing to pay Plaintiffs for their overtime hours at the required overtime-premium rate, Defendants violated Plaintiffs' rights under the FLSA.

88.     Defendants' violation of the FLSA was willful.

89.     Defendants violated Plaintiffs rights with reckless disregard for Plaintiffs' rights under the FLSA.

90.     Pursuant to 29 U.S.C. § 216(b), Defendants are liable to Plaintiffs for all unpaid wages, liquidated damages, attorney fees and costs of litigation.

## DEMAND FOR JUDGMENT

Plaintiffs respectfully requests that the Court:

(a)     Declare that Defendants' actions, policies, and practices complained of herein violate the rights of Plaintiffs as secured by federal law;

(b)     Enter judgment against Defendants that their violations of the FLSA were willful;

14

(c)     Award all unpaid wages;

(d)     Award liquidated damages in an amount equal to Plaintiffs' unpaid

wages;

(e)     Award reasonable attorneys' fees, costs, and expenses; and

(f)     All other relief to which Plaintiffs may be entitled.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38, Plaintiffs demand a trial by jury.

Respectfully submitted: 8/8/2017

*s/Dustin L. Crawford*

POOLE HUFFMAN LLC                    Dustin L. Crawford
315 W. Ponce de Leon Ave             Ga. Bar No. 758916
Suite 344
Decatur, Georgia 30030               Counsel for Plaintiffs
Phone: 404-373-4008
dustin@poolehuffman.com