**SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE OF FAIR LABOR STANDARD ACT CLAIMS: BY RACHELL CARTRETT, MICHELLE RYANS, EAST WEST HOSPITALITY GROUP, LLC, EMORY HOSPITALITY, LLC, AND PARASH PATEL.**

This Settlement Agreement and Full and Final Release of All Fair Labor Standard Act Claims (hereinafter "Agreement") is entered into by and between Rachell Cartrett and Michelle Ryans (hereinafter, "Plaintiffs") and East West Hospitality Group, LLC, Emory Hospitality Group, LLC and Parash Patel (hereinafter, "Defendants"). As used in this Agreement, the term "Parties" refers collectively to Plaintiffs and Defendants.

## BACKGROUND INFORMATION

A.     On August 8, 2017, Plaintiffs filed an initial Complaint in the United States District Court for the Northern District of Georgia, Atlanta Division, styled *Rachel Cartrett & Michelle Ryans v. East West Hospitality LLC; Emory Hospitality LLC; & Parash Patel,* Civil Action No. 1:17-cv-02975-ELR ("Litigation"). The Litigation arises out of or otherwise relates to Plaintiffs' employment with East West Hospitality Group, LLC and Emory Hospitality Group, LLC;

B.     In their Complaint, Plaintiffs alleged that Defendants intentionally and willfully failed to pay them overtime compensation on one or more workweeks during the three-year period preceding the filing of the Complaint as required by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

C.     Defendants deny the allegations and claims in the Litigation and contend that they properly compensated Plaintiffs in compliance with the FLSA. Defendants further assert that they acted in good faith at all times and in compliance with the FLSA.

D.     On December 19, 2017, Defendants and Plaintiffs reached an agreement to settle all of Plaintiffs' FLSA claims against Defendants;

E.     Plaintiffs warrant and represent that they have not assigned any of their FLSA claims against Defendants or any other person or entity to be released in this Agreement and that no attorneys other than Dustin L. Crawford have a claim for attorney's fees and/or costs arising from this Litigation or any of Plaintiffs' claims released in this Agreement;

F.     This Agreement constitutes a good faith settlement of Plaintiffs' disputed FLSA claims against Defendants and shall not be deemed, in any manner, an admission, finding, or indication, for any purposes whatsoever, that Defendants or any of their officers, employees and/or other agents violated federal or state law, as alleged in Plaintiffs' Complaint.

NOW, THEREFORE, in exchange for good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, the Parties agree as follows:

## STATEMENT OF AGREEMENT

The Parties hereby acknowledge and rely upon as material to this Agreement the Background Information set forth above and further agree as follows:

1.     Consideration.  In consideration of this Agreement and the terms and conditions set forth herein, including Plaintiffs' agreement to dismiss, with prejudice, the Litigation, Defendant will tender the total lump sum amount of alleged back pay wages and liquidated damages **$16,000.00** (Sixteen Thousand dollars) less applicable deductions and withholdings, to be made payable in accordance with Attachment A, which is hereby incorporated herein by reference.

The above-referenced settlement amount paid to Plaintiffs, as set forth in Attachment A, Section A, shall be paid by check, less all applicable taxes and other required or authorized wage withholdings and reported on IRS form W-2 and its state tax equivalent ("W-2 payments").  The settlement amount paid to Plaintiffs as set forth in Attachment A, Section B, shall be paid without any deduction for any taxes or other withholdings ("1099 Payments") by separate checks in the amounts stated in Attachment A and reported in box # 3 on IRS Form 1099-MISC and its state tax equivalent.  Plaintiffs represent and warrant that the payments set forth in this Agreement constitute payment of 100% (one hundred percent) of their claims for alleged unpaid back wages and alleged liquidated damages under the FLSA. Defendants shall be solely responsible for determining, processing, and reporting the amount of tax withholding, if any, required from the W-2 payments made under this Agreement.  Prior to any payments set forth above, Plaintiffs' counsel shall provide Defendants' counsel with an IRS form W-9 reflecting counsel's tax identification number.

Additionally, Defendants agree to pay the law firm of Poole Huffman LLC, the gross amount of **$18,000.00 (eighteen thousand dollars) for attorneys' fees and costs** in prosecuting the claims of the Plaintiffs within 10 days of approval of this settlement by the Court.  This amount shall be reported as non-wage income to be reported by Poole Huffman LLC as 1099 income. This payment of fees and costs is not and will not be duplicative of the fees and costs in any other case between Plaintiff(s) and Defendant.

2.  <u>Dismissal</u>.  After a Joint Stipulation of Dismissal with Prejudice is filed with the Clerk of Court and the case is closed, Defendants will transmit, in full, the payments contemplated herein to Plaintiffs and their counsel within 10 days (or the next business day if such day is a weekend or bank holiday).  If the Court does not approve the dismissal of the Civil Action, this Agreement shall be void *ab initio*.

3.  <u>Release & Waiver of FLSA Claims</u>.  In exchange for the payment set forth above, and other good and valuable consideration, the receipt of which is hereby acknowledged, each Plaintiff hereby **RELEASES, REMISES AND FOREVER DISCHARGES** Defendants and their owners, trustees, officers, administrators, agents, attorneys, insurers, managers, employees, personally and in their respective capacities, their heirs and assigns, and any other person or entity representing or succeeding to any such person or entity, from any and all liability arising under the FLSA for unpaid wages, liquidated damages, and attorney fees and costs.

(a)

4.  <u>Execution</u>.   This Agreement shall become effective upon its execution. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument.  Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original.  Each person executing this Agreement, including execution on behalf of Defendants, warrants and represents that such person has the authority to do so.

5.  <u>Waiver of Right to Seek Re-Employment</u>.  Each Plaintiff agrees to refrain from ever knowingly seeking employment in any capacity with the Defendants or any parent or subsidiary of Defendants, or with any other entity otherwise owned by or affiliated with Defendants or any entity owned or operated, whether in whole or in part, by Parash Patel.  Each Plaintiff further waives any right or entitlement to such employment and understands and acknowledges that she does

not now and will not ever have any right or entitlement to such employment.

7.      <u>Non-Disparagement.</u>  The Parties agree that they will not make any knowingly false oral or written communication to any person or entity – governmental or otherwise – which disparages the reputation of the other party. Furthermore, the Parties agree not to solicit, encourage, or otherwise cause any such communication to be made by any individual not bound by the terms of this Agreement.

8.      <u>Entire Release</u>.  Each Plaintiff affirms: that the only consideration for her decision to execute and her execution of the Agreement are the terms stated herein and that there are no other promises or arrangements of any kind that have caused her to execute the Agreement; that she fully understands the meaning and intent of the Agreement, including, but not limited to, its final and binding effect; and that she has consulted legal counsel before executing the Agreement.

9.      <u>Amendments</u>.  Any modification or change to this Agreement must be made in writing and signed by all Parties.

10.     <u>Construction</u>. The language contained in this Agreement shall be deemed to be that approved jointly by the Parties, and no rule of strict construction shall be applied against any Party hereto.  Paragraph headings used in this Agreement are for reference only and are not substantive terms nor intended to modify the meaning or intent of the paragraph.  No provision of this Agreement is inferred or shall be interpreted or applied so as to preclude any Party to this Agreement from complying with any federal, state, or local law, rule, or regulation.

11.     <u>Governing Law</u>.  The terms of this Agreement shall be governed and construed pursuant to the law of the State of Georgia.

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement and Release effective on the date(s) set forth below.

**DEFENDANTS**

East West Hospitality, LLC

By:_____

Title: __Managing Member__

Date: ___01/24/2018___

Emory Hospitality, LLC

By: _____

Title: __Managing Member__

Date: ___01/24/2018___

_____
Parash Patel

Date: ___01/24/2018___

## PLAINTIFFS

_____
Rachell Cartrett

Date: _____

_____
Michelle Ryans

Date: _____

## <u>ATTACHMENT A</u>

Name of Plaintiff:  Rachell Cartrett

     (a)    Backpay in the gross amount of **$6000.00** less required deductions and withholdings, for alleged unpaid wages.

     (b)    Liquidated damages in the amount of **$6000.00**.


| | |
|---|---|
| Date | Rachell Cartrett |

## **ATTACHMENT A**

Name of Plaintiff:  Michelle Ryans

(a)     Backpay in the gross amount of **$2000.00** less required deductions and withholdings, for alleged unpaid wages.

(b)     Liquidated damages in the amount of **$2000.00**.

_____        _____
Date                                                          Michelle Ryans